UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY HARVEY,                              Case No. 08-15013

           Plaintiff,                Nancy G. Edmunds
v.                                         United States District Judge

COMMISSIONER OF                            Michael Hluchaniuk
SOCIAL SECURITY,                           United States Magistrate Judge

           Defendant.
_____/

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION TO DISMISS (Dkt. 6)

## I.   PROCEDURAL HISTORY

Plaintiff filed her complaint alleging wrongful denial of social security

disability benefits on December 4, 2008.  (Dkt. 1).  This matter was referred to the

undersigned for all pretrial purposes by District Judge Nancy G. Edmunds.  (Dkt.

2).  On March 16, 2009, defendant filed a motion to dismiss, asserting that this

Court lacks jurisdiction over plaintiff's claim because she failed to timely file her

complaint.  (Dkt. 6).  On May 7, 2009, plaintiff filed a response, asserting that the

Court should apply principles of equitable tolling and allow plaintiff's complaint

to proceed.  (Dkt. 10).  In reply, defendant argues that plaintiff has failed to

1

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

establish that she satisfies the Sixth Circuit's test for equitable tolling and her complaint should be dismissed. (Dkt. 11).

The notice of unfavorable decision issued by the Administrative Law Judge (ALJ) is dated March 25, 2008. (Dkt. 6-2). In that notice, plaintiff was advised that her request for review to the appeals council, and any supporting materials, must be filed within 60 days, allowing an additional five days for mailing. (Dkt. 6-2). Plaintiff's request for review was due therefore, on May 29, 2008. Plaintiff filed her request for review on April 25, 2008. (Dkt. 10-2). On May 23, 2008, plaintiff's counsel requested a 30-day extension to file a brief, which would have given him until June 28, 2008 to file supporting materials. (Dkt. 10-2); 20 C.F.R. §§ 404.3(b) and 416.120(d). The appeals council denied review via notice dated June 26, 2008.[1] (Dkt. 6-2).

The notice from the appeals council stated that plaintiff had 60 days plus five for mailing to file a claim of appeal in the federal district court. (Dkt. 6-2). The notice also stated that if plaintiff failed to ask for court review, the ALJ's decision "will be a final decision that can be changed only under special rules."

---

[1] The copy of the notice provided by defendant is undated. According to the affidavit by Earnest Baskerville to which it is attached, the mailing date of the notice of appeals council action was June 26, 2008. (Dkt. 6-1). Plaintiff does not appear to dispute that the notice is dated June 26, 2008. (Dkt. 10).

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

(Dkt. 6-2).  The notice also advised that if plaintiff could not file for court review within 60 days, she could ask the appeals council to extend the time to file.  (Dkt. 6-2).

On July 10, 2008, plaintiff's counsel wrote to the appeals council explaining that he had received a telephone call from appeals council staff on May 23, 2009, asking if he had anything additional to submit.  (Dkt. 10-2).  According to plaintiff's counsel, he believed that the staff person was referring to medical evidence, not the brief he intended to file.  (Dkt. 10-2).  Counsel explained that he had always intended to file a brief, but the Appeals Council had issued a decision denying review on June 26, 2008.  (Dkt. 10-2).  He explained that "his statement that [he] had nothing additional to submit was meant in regards to medical evidence, not legal argument."  (Dkt. 10-2).  Counsel asserted his belief that his client should be given the opportunity to assert her position with the benefit of a brief and requested that "the matter be re-opened so that [he] may file a brief on [his] client's behalf."  (Dkt. 10-2).

From the record before the Court, no communication issued from the appeals council from the July 10, 2008 until they denied plaintiff's request to re-open on October 31, 2008.  (Dkt. 6-2).  The denial advised plaintiff that she did not have the right to court review of the denial of her request to re-open.  (Dkt. 6-

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

2).  Plaintiff filed her claim of appeal in this Court on December 4, 2008, 34 days

after the appeals council denial of her request to reopen.  (Dkt. 1).

## II.    ANALYSIS AND CONCLUSIONS

The parties in this case dispute whether plaintiff timely filed her claim of

appeal and whether, under the principles of equitable tolling, the statute of

limitations should be extended.  Title 42 U.S.C. § 405(g) specifies the following

requirements for judicial review: (1) a final decision of the Secretary made after a

hearing; (2) commencement of a civil action within 60 days after the mailing of

notice of such decision; and (3) filing of the action in an appropriate district court.

*Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).  Defendant correctly points out

that the accompanying regulations explain that a claimant must complete a

four-step administrative review process to obtain a judicially reviewable final

decision.  20 C.F.R. § 416.1400(a).  First, a claimant applies for benefits and

receives an initial determination and, if dissatisfied with this determination, the

claimant may request reconsideration.  Second, if dissatisfied with the

reconsidered determination, the claimant may request a hearing before an ALJ.

Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must

request that the Appeals Council review the decision.  Finally, the Appeals

Council may deny the request for review and allow the ALJ's decision to stand as

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes the final decision of the Commissioner.  The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the appeals council's action.  20 C.F.R. §§ 416.1400(a)(5); 422.210.

The 60-day time period provided for in § 405(g) is not jurisdictional, but rather, is a statute of limitations.  *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).  The Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is "consistent with the overall congressional purpose" of the statute and "nowhere eschewed by Congress."  *Bowen v. City of New York*, 476 U.S. 467, 480 (1986).  The Sixth Circuit considers five factors when evaluating a claim for equitable tolling:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).  This is a fact-specific inquiry and "tolling of the 60-day requirement is justified 'where

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986), quoting, *Bowen*, 476 U.S. at 479. "Although the [Commissioner] usually retains the authority to determine tolling, a court may act 'where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.*, quoting *Bowen*, 476 U.S. at 480.

While the Commissioner asserts that plaintiff did not address these five factors, the undersigned suggests that plaintiff has offered a reasoned explanation, supported by the record, sufficient to establish that equitable tolling should be applied.  There is no question that plaintiff and her counsel received the notice with the deadline for judicial review, however, an evaluation of the other factors, in the circumstances presented, warrants a finding that equitable tolling is appropriate.  Specifically, the appeals council issued a decision denying review *before* the time for plaintiff to submit supplemental materials had expired.  Thus, there was apparent confusion as to effect of the request to "re-open" under these circumstances.  In addition, the request to "re-open" was made before the expiration of the 60-day period in which plaintiff had to file a request for judicial review, showing that plaintiff was diligently pursuing her rights.  Unfortunately, the appeals council did not issue a decision on the request to re-open before the

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

statute of limitations expired.  The Commissioner suggests that plaintiff should

have filed a parallel protective appeal in this Court while her request to re-open

remained pending.  The undersigned is unable to locate any legal support for this

course of action.  Perhaps this is so because requests to re-open are generally

submitted *after* the time for judicial review has expired.  The Commissioner

suggests that plaintiff should have requested an extension of time, rather than to

reopen the proceedings.  This is true, however, perhaps, under the circumstances,

the appeals council, should have waited until the time for plaintiff to file her brief

had expired to issue a decision, should have treated the request to "reopen" as a

request for an extension, or should have issued a decision on the request to reopen

before the limitations period expired.  The only thing that is clear from this record

is that there was legitimate confusion and that both parties erred.

 The undersigned further suggests that, under the highly unusual

circumstances presented here, there would be harm to both parties if the principles

of equitable tolling were not applied.  Plaintiff would have to file another claim,

which would require both parties to expend additional and unnecessary time and

resources to go through the entire application and review process again.  *See, e.g.,*

*Hargrove v. Astrue*, 2008 WL 5234290 (E.D. N.C. 2008).  On balance, and giving

due consideration to the factors set forth in *Dunlap*, the undersigned finds that the

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

equities favor plaintiff going forward with having her appeal decided by this Court on the merits.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013

objection, the opposing party must file a concise response proportionate to the

objections in length and complexity.  The response must specifically address each

issue raised in the objections, in the same order, and labeled as "Response to

Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that

any objections are without merit, it may rule without awaiting the response.

Date: November 5, 2009

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 5, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Judith E. Levy, AUSA, Marc J. Littman and the Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant

Report and Recommendation
Defendant's Motion to Dismiss
*Harvey v. Comm'r*; 08-15013