UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY HARVEY,                           Case No. 08-15013

            Plaintiff,        Nancy G. Edmunds
v.                                      United States District Judge

COMMISSIONER OF                         Michael Hluchaniuk
SOCIAL SECURITY,                        United States Magistrate Judge

            Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 22, 26)

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On December 4, 2008, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G. Edmunds referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 22, 26).

    B.   Administrative Proceedings

Plaintiff filed the instant claims on August 31, 2005, alleging that she

became unable to work on January 1, 2005. (Dkt. 19, Tr. at 49). The claim was initially disapproved by the Commissioner on April 7, 2006. (Dkt. 19, Tr. at 34-37). Plaintiff requested a hearing and on January 3, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Jerome B. Blum, who considered the case *de novo*. In a decision dated March 25, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 19, Tr. at 13-21). Plaintiff requested a review of this decision on April 10, 2008. (Dkt. 19, Tr. at 11). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1-3, Dkt. 19, Tr. at 257-66), the Appeals Council, on June 26, 2008, denied plaintiff's request for review. (Dkt. 19, Tr. at 7-10); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED** in part, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

be **REVERSED**, and that this matter be **REMANDED** for further review and investigation.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was 54 years of age at the time of the most recent administrative hearing.  (Dkt. 19, Tr. 49).  Plaintiff's relevant work history included approximately 9 years as an administrative office manager and an account executive.  (Dkt. 19, Tr. 67).  In denying plaintiff's claims, defendant Commissioner considered fibromyalgia and a depressive disorder as possible bases of disability.  (Dkt. 19, Tr. 18).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since January 1, 2005.  (Dkt. 19, Tr. 18).  At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step.  *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 19, Tr. 19). At step four, the ALJ found that plaintiff could not perform her previous work as an account executive and administrative office manager.  (Dkt. 19, Tr. 20).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.  (Dkt. 19, Tr. 21).

Report and Recommendation
Cross Motions for Summary Judgment
*Harvey v. Comm'r*; 08-15013

B.    Plaintiff's Claims of Error

Plaintiff offered a plethora of treating medical records to support her allegations of disability.  Fibromyalgia and its symptoms were initially documented by Dr. Rao in April of 2005.  (Tr. 151).  Consistent complaints are seen throughout the records.  (Tr. 208-213).  Medrol Dosepak was prescribed in August of 2006.  (Tr. 212).  Vicodin was substituted on January 27, 2007.  (Tr. 211).  The prescription was refilled at the last recorded office visit on August 27, 2007.  (Tr. 208).  Dr. Johnson, plaintiff's primary care physician noted similar assessments and findings from March 22, 2006 through December 5, 2007.  (Tr. 241-244).  So too, did Dr. Menderatta.  (Tr. 222-226).  Nonetheless, according to plaintiff, the ALJ never addressed any of these physicians, or their opinions, anywhere in the decision.

Plaintiff also argues that treating psychiatric assessments were also overlooked by the ALJ.  Although submitted with her pre-hearing brief, plaintiff claims that Dr. Potempa's notes do not appear in the administrative transcript.  (Dkt. 22, Ex. A).  As noted, plaintiff was diagnosed with major depression on August 2, 2007.  Psychotherapy was stated and medications included Wellbutrin, Abilify and Klonopin were administered.  As recently as November 18, 2007, claimant continued to appear depressed and anxious.  She also lacked energy and reported sleeping all the time."  Like findings were noted in the February 13, 2006

report of the examining physician Dr. Qadir observed plaintiff's depressed appearance and crying, slow gate, cane usage along with only fair hygiene and grooming. The doctor further recorded plaintiff's low self esteem, lack of motivation and limited insight. Also significant was the physician's assessment that the symptoms were neither exaggerated nor minimized. He diagnosed major depression with a GAF of 50. (Tr. 170-172). According to plaintiff, this evidence, and its consistency with the treating medical submitted was also disregarded by the ALJ in his decision. The records from the treating physicians detail plaintiff's ongoing complaints of pain and depression and her treatment involves narcotic medications and anti-depressants. According to plaintiff, this evidence fully documents plaintiff's inability to meet the demands of light work.

Plaintiff asserts that the ALJ's failure to consider and properly weigh the opinions and findings of plaintiff's doctors was therefore a significant omission.

C.    Commissioner's Counter-Motion for Summary Judgment

According to the Commissioner, the ALJ's RFC is fully supported by substantial evidence in the record. Specifically, the ALJ addressed plaintiff's ability to use her arms and legs, concentrate and persist. (Tr. 19-20). Further, the ALJ concluded that plaintiff retained the ability to perform the exertional demands of light work. (Tr. 20). Moreover, the ALJ noted that an electromyogram indicated only very mild bilateral carpal tunnel syndrome with no evidence of

radiculopathy or neuropathy.  (Tr. 19).  He also noted that chest x-rays revealed

only minimal cardiac enlargement, mild cardiomegaly, and no active lung disease

(Tr. 19).  Furthermore, the ALJ observed that the "claimant's testimony at the

hearing of fibromyalgia in various joints and migraine headaches was not

adequately corroborated by the medical record which contains fairly unimpressive

clinical and objective findings."  (Tr. 20).  Thus, according to the Commissioner,

the ALJ accommodated functional limitations to the extent he found them to be

supported by the objective medical evidence of record.  Additionally, the ALJ also

observed that plaintiff's level of activity did not demonstrate that she was unable to

perform the range of light work set forth in his RFC finding.  (Tr. 20).  In

particular, the ALJ noted that plaintiff "is still capable of caring for her personal

needs, light meal preparation, driving, socializing with friends, and attending to her

sick husband."  (Tr. 20, Tr. 83-90, 165).  According to the Commissioner, plaintiff

has not identified any medical source opinion of record indicating that

plaintiff cannot perform the range of light work identified by the ALJ.  In fact, no

physician, reviewing, examining, or treating, has opined that plaintiff could not

perform the exertional requirements of light work or suggested that plaintiff was

limited to sedentary work.  Nevertheless, plaintiff makes the blanket assertion that

the ALJ did not discuss medical assessments contained in the record, without

identifying what limitations the ALJ failed to accommodate as a result.  Contrary

Report and Recommendation
Cross Motions for Summary Judgment
*Harvey v. Comm'r*; 08-15013

to plaintiff's contention, the ALJ did not overlook medical assessments contained in the record. *Id.* Indeed, the ALJ discussed the assessment conducted by Dr. Johnson in his decision and noted that "[o]n examination, the claimant had tenderness over her chest wall, costochondral joints, distal forearms, and thoracolumbar spine, but without swelling or significant muscle spasm." (Tr. 19, citing, Tr. 241). Thus, according to the Commissioner, the ALJ reasonably limited plaintiff to light work. (Tr. 19). The ALJ also considered the evaluation conducted by Dr. Qadir, but noted that "[t]he claimant did not display symptoms of psychosis or suicidal tendencies on examination, and a GAF range of 50-55 would permit simple, routine tasks." (Tr. 20, citing, Tr. 164-69, 170-72). Therefore, according to the Commissioner, the ALJ reasonably limited plaintiff to unskilled work. (Tr. 19).

The Commissioner also points out that the ALJ discussed the examination performed by Dr. Ramirez and noted that Dr. Ramirez indicated that plaintiff's blood pressure was somewhat elevated and that she wore wrist splints "but she was otherwise physically unremarkable." (Tr. 19, citing, Tr. 176). Notably, Dr. Ramirez reported that plaintiff's grip strength was normal, her balance was normal, she had no difficulty getting on and off the examination table, and she could squat and bend, and stoop. (Tr. 176, 180). Dr. Ramirez indicated that plaintiff's range of motion was normal in her cervical spine, lumbar spine, shoulder, elbow, hip,

knee, ankle, wrists, and hands/fingers.  (Tr. 177-78).  Dr. Ramirez opined that

plaintiff could stand, bend, stoop, carry, push, pull, perform fine manipulation,

squat, climb stairs, walk.  (Tr. 180).  As the ALJ noted, "Dr. Ramirez's

consultative examination was largely benign" and did establish the need for

limitations beyond those identified in his RFC finding.  (Tr. 20).

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.

McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant."  *Rogers v.

Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.

Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence.").  "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of

Report and Recommendation
Cross Motions for Summary Judgment
*Harvey v. Comm'r*; 08-15013

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

     C.     <u>Analysis</u>

     In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole.  20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's

opinion is entitled to more weight than a consultative physician who only

examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision

denying benefits "must contain specific reasons for the weight given to the treating

source's medical opinion, supported by the evidence in the case record, and must

be sufficiently specific to make clear to any subsequent reviewers the weight the

adjudicator gave to the treating source's opinion and the reasons for that weight."

Soc.Sec.R. 96-2p, 1996 WL 374188, *5 (1996).  The opinion of a treating

physician should be given controlling weight if it is "well-supported by medically

acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent

with the other substantial evidence in [the] case record."  *Wilson*, 378 F.3d at 544;

20 C.F.R. § 404.1527(d)(2).  A physician qualifies as a treating source if the

Report and Recommendation
Cross Motions for Summary Judgment
*Harvey v. Comm'r*; 08-15013

claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition."  20 C.F.R. § 404.1502.  "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits."  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007).  "The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).  Courts have remanded the Commissioner's decisions when they have failed to articulate "good reasons" for not crediting the opinion of a treating source, as § 1527(d)(2) requires.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2000), citing, *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

     An "ALJ may not substitute his own medical judgment for that of the

treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 Fed.Appx. 456, 465 (6th Cir. 2006), citing, *McCain v. Dir.*, *Office of Workers Comp. Programs*, 58 Fed.Appx. 184, 193 (6th Cir. 2003) (citation omitted); *see also Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("But judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor."). When evaluating treating physician evidence, the ALJ must also consider, under some circumstances, contacting the treating source for clarification:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, *6; *see also* 20 C.F.R. § 404.1527(c), 20 C.F.R. § 404.1512(e); *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000) (The ALJ has a duty to investigate the facts and develop the arguments both for and against granting benefits.); *D'Angelo v. Soc. Sec. Comm'r*, 475 F.Supp.2d 716 (W.D. Mich. 2007) (Where an ALJ discounts the opinions of a treating physician because the record includes virtually no medical records of plaintiff's treatment with that physician, the ALJ should perform a further investigation pursuant to SSR 96-5p.). The

regulation requires the ALJ to give good reasons for the weight given to the treating source's opinion and, if this procedural requirement is not met, a remand may be required even if the decision is otherwise supported by substantial evidence. *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544-45 (6th Cir. 2004).

Here, plaintiff was extensively treated over a long period of time, for progressively worsening symptoms and pain. In addition, plaintiff was on a host of medications that could impair her ability to work on a sustained basis, including Enalapril, which commonly causes dizziness, Neurontin, which commonly causes dizziness, drowsiness, and coordination problems, Klonopin, which commonly causes dizziness, unsteadiness, and drowsiness, and Vicodin, which commonly causes dizziness. As plaintiff testified, she has side effects of lightheadedness, losing her balance, and becoming sleepy from her medications. (Tr. 283). The ALJ did not discuss the impact of all of the above mentioned medications, only noting those that plaintiff believed to be causing her lightheadedness and sleepiness. (Tr. 18). However, none of plaintiff's physicians offered any specific opinions about her functional limitations either from her specific conditions or from the various medications she was taking. Given the extent of treatment and number and type of medications she was taking, plaintiff's treating physicians should have been asked for their opinions regarding plaintiff's functional

limitations during the relevant time period.  Without such information, the ALJ had only half the picture and could not fully assess plaintiff's credibility either, which requires the ALJ to consider, among many other factors, "the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms."  SSR 96-7p.

The undersigned is also concerned that the ALJ did not fully assess plaintiff's fibromyalgia under standards required by the Sixth Circuit given that an analysis of plaintiff's subjective pain complaints is critical and that a purported "lack of objective medical evidence" is not a proper basis to reject a treating physician's opinion when evaluating fibromyalgia.  Much of the ALJ's rejection of plaintiff's claimed limitations is the alleged lack of foundation in "objective medical evidence."  This course has been repeatedly rejected in cases addressing the assessment of fibromyalgia.  The Sixth Circuit noted that "in light of the unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia, opinions that focus solely upon objective evidence are not particularly relevant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245 (6th Cir. 2007); *see also Canfield v. Comm'r of Soc. Sec.*, 2002 WL 31235758, *1 (E.D. Mich. 2002) (discussing how it is "nonsensical to discount a fibromyalgia patient's subjective complaints on the grounds that objective medical findings are lacking").  This is another reason the ALJ should have contacted plaintiff's treating physicians to

obtain their opinions regarding her functional limitations.  Plaintiff's medical records evidence gradually worsening muscle tenderness and increased pain over time, and increased used of a wide variety of pain, anti-inflammatory, nerve-pain, and psychiatric medications.  In this vein, the ALJ also failed to account for the consistency of plaintiff's complaints.  Consistency is not determinative, but consistency should be scrutinized when taking the entire case record into consideration.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247-248 (6th Cir. 2007) ("Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.").  In light of the foregoing conclusions, the undersigned also suggests that the ALJ should re-assess plaintiff's credibility, subjective pain complaints, and mental impairments in the context of her fibromyalgia.  Indeed, the evidence in the record shows increasing psychiatric symptoms over time, including the addition of new psychotropic medications, such as Abilify. Given these conclusions, it would also be appropriate for the ALJ to consider the additional medical record evidence presented by plaintiff.

D.   Conclusion

The District Court is permitted, pursuant to 42 U.S.C. § 405(g), to enter a judgment reversing the findings of the Commissioner and remanding for a hearing.

In light of the above determination that the ALJ did not properly make findings relating to the treating physician evidence, it is recommended that the case be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. *Faucher v. Sec'y of Health and Human Serv.*, 17 F.3d 171, 175-76 (6th Cir. 1994).

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED** in part, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and that this matter be **REMANDED** for further review and investigation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

Report and Recommendation
Cross Motions for Summary Judgment
*Harvey v. Comm'r*; 08-15013

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 1, 2011                     s/Michael Hluchaniuk_____
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 1, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Judith E. Levy, AUSA, Marc J. Littman and the Commissioner of Social Security.

                                         s/Darlene Chubb_____
                                         Judicial Assistant
                                         (810) 341-7850