UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EMILY HARVEY, | Case No. 08-15013 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| COMMISSIONER OF | Michael Hluchaniuk |
| SOCIAL SECURITY, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES (Dkt. 30)**

**I.     PROCEDURAL HISTORY**

Plaintiff filed the instant claims on August 31, 2005, alleging that she became unable to work on January 1, 2005. (Dkt. 19, Tr. at 49). The claim was initially disapproved by the Commissioner on April 7, 2006. (Dkt. 19, Tr. at 34-37). Plaintiff requested a hearing and on January 3, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Jerome B. Blum, who considered the case *de novo*. In a decision dated March 25, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 19, Tr. at 13-21). Plaintiff requested a review of this decision on April 10, 2008. (Dkt. 19, Tr. at 11). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits

(AC-1-3, Dkt. 19, Tr. at 257-66), the Appeals Council, on June 26, 2008, denied plaintiff's request for review. (Dkt. 19, Tr. at 7-10).

On December 4, 2008, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G. Edmunds referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This matter came before the Court on cross-motions for summary judgment (Dkt. 22, 26), on which the undersigned recommended that plaintiff's motion for summary judgment be granted and that defendant's motion be denied. (Dkt. 27). On March 24, 2010, Judge Edmunds adopted this recommendation and remanded for further proceedings. (Dkt. 28, 29).

On November 24, 2010, plaintiff filed a motion for fees and costs under the Equal Access to Justice Act and supporting affidavit. (Dkt. 18, 19). Defendant filed a response on December 8, 2010. (Dkt. 20). On December 9, 2010, Judge Edmunds referred this motion to the undersigned for report and recommendation. (Dkt. 21). For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

## II. DISCUSSION

### A. Legal Standard

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Soc. Sec. Comm'r*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Department of Labor Sec'y v. Jackson Co. Hosp.*, 2000 WL 658843, *3 (6th Cir. 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989); *see also Noble v. Barnhart*, 230 Fed.Appx. 517, 519 (6th Cir. 2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Comm'r,*

*INS v. Jean*, 496 U.S. 154, 158 n. 6 (1990). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. 1997); *see also Couch v. Sec'y of Health and Hum. Serv.*, 749 F.2d 359, 359 (6th Cir. 1984); *see also Comm'r, INS v. Jean*, 496 U.S. 154, 161-162 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line-items.").

  B.  <u>Plaintiff's Argument</u>

Plaintiff requests an attorney fee award in the amount of $2,523 to be paid directly to plaintiff's counsel. Plaintiff asks for a fee rate of $145 per hour for 17.40 hours of work. Plaintiff argues that there was no substantial justification for the ALJ to fail to consider the side effects of plaintiff's medications or to fully assess her fibromyalgia. Thus, according to plaintiff, a fee award is appropriate.

  C.  <u>Commissioner's Argument</u>

The Commissioner argues that, in recommending reversal of the decision of the Commissioner, the undersigned observed that "none of plaintiff's physicians offered any specific opinion about her functional limitations either from her specific conditions or from the various medications she was taking." (Dkt. 27, p. 17). The undersigned also wrote that, "[g]iven the extent of treatment and number

and type of medications she was taking, plaintiff's treating physicians should have been asked for their opinions regarding plaintiff's functional limitations during the relevant time period." *Id*. at 17-18. The undersigned noted that, "[w]ithout such information, the ALJ had only half the picture and could not fully assess plaintiff's credibility either...." *Id*. at 18. Despite these observations, the Commissioner asserts that plaintiff bore the ultimate burden of proof on the issue of disability. And, this burden required her to produce a diagnosis of an impairment, and to demonstrate correlative functional limitations. Given plaintiff's burdens, the Commissioner asserts that he should not shoulder all the blame for the record not containing opinions from plaintiff's treating physicians.

Further, the Commissioner argues that it is important to recognize that the determination of a claimant's residual functional capacity (RFC) is a legal decision rather than a medical one and the development of a claimant's RFC is solely within the province of an ALJ. Significantly, an ALJ's decision can still be supported by substantial evidence even if there is no medical source opinion that directly supports the ALJ's RFC finding. Indeed, a medical source statement is only one of several factors that an ALJ considers in determining an individual's RFC. A statement from a medical source about what a claimant can do is "medical opinion" evidence that an ALJ must consider together with all of the other relevant evidence when assessing an individual's RFC; however, a "medical source

statement may not be equated with the administrative finding known as the RFC assessment." *See* SSR 96-5p, 61 Fed. Reg. at 34472. According to the Commissioner, the distinction between "medical opinions," 20 C.F.R. § 404.1527(a)(2), and "medical source opinions on issues reserved to the Commissioner," 20 C.F.R. § 404.1527(e), should not be blurred. Here, the ALJ determined, "[n]ot only is the objective medical evidence more consistent with the State Agency opinion, there is no medical opinion of record to corroborate the claimant's allegations regarding his physical condition. " (Tr. 20). Nevertheless, the ALJ discussed the examination performed by Dr. Ramirez and noted that Dr. Ramirez indicated that plaintiff's blood pressure was somewhat elevated and that she wore wrist splints "but she was otherwise physically unremarkable." (Tr. 19 citing Tr. 176). As the ALJ noted, "Dr. Ramirez's consultative examination was largely benign" and did not establish the need for limitations beyond those identified in his RFC finding. According to the Commissioner, a review of the record reveals that the ALJ did not ignore medical source assessments contained in the record, but, rather, concluded that the evidence did not support functional limitations beyond those he identified in his RFC finding.

The Commissioner acknowledges the undersigned's statement that he was "concerned that the ALJ did not fully assess plaintiff's fibromyalgia under standards required by the Sixth Circuit given that an analysis of plaintiff

subjective pain complaints is critical and that a purported 'lack of objective medical evidence' is not a proper basis to reject a treating physician's opinion when evaluating fibromyalgia." But, the Commissioner points out, the record in this case did not contain any opinion from a treating physician that plaintiff was unable to perform the range of work identified by the ALJ and there was no evidence indicating that plaintiff's fibromyalgia resulted in particular limitations. The Commissioner also points out that, to the extent he found limitations credible, the ALJ accommodated plaintiff's ability to use her arms and legs and concentrate and persist. (Tr. 19-20). The Commissioner asserts that the record in this case did not contain any medical source opinions indicating that plaintiff was more limited that found by the ALJ or that her fibromyalgia resulted in greater limitations. And, although the ALJ could have done a better job of articulating his analysis and reasoning, the Commissioner contends that the ALJ's decision had a reasonable basis in law and fact and the Government's position in opposing this appeal was substantially justified under the EAJA.

In the Court is inclined to award fees, the Commissioner argues for a fee reduction because plaintiff's counsel billed in .20 hour increments and asked for reimbursement for minor tasks. *See Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 44 n.5 (D. D.C. 1999) ("In the future, the Court will not award fees where plaintiffs' counsel has not calculated his time in tenth-hour increments"); *Echols v.*

*Nimmo*, 586 F. Supp. 467, 477 (W.D. Mich. 1984) (Billing in tenth-hour increments is "distinctly preferable" to billing quarter-hour increments for minor tasks.). The Commissioner also contends that many of the items for which plaintiff seeks compensation are administrative tasks, including receiving and reviewing mail. Additionally, plaintiff requests fees for time spent seeking an extension of time in which to file a response. According to the Commissioner, the government should not be penalized, nor should taxpayers be billed, for plaintiff's inability to file his pleading timely. Therefore, the Commissioner requests that plaintiff's request be reduced by .40 hours.

Plaintiff's counsel asks that any award "be paid directly to plaintiff's attorney...." However, the EAJA provides that a court is authorized to award fees and expenses to a "prevailing party," which is plaintiff, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). The Commissioner asks that any award be paid to plaintiff directly and not plaintiff's counsel.

D.      Analysis and Conclusions

"The issue, when considering the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Commissioner of Social Security*, 1999 WL 1045072, *4 (6th Cir. 1999); *see also Olive v.*

*Commissioner of Social Security*, 534 F.Supp.2d 756, 760-61 (N.D. Ohio 2008) ("[a]lthough there were circumstances that led to remand, that does not mean that the government was not justified in defending the ALJ's decision to deny benefits based on the available evidence"). "The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits .... This is not a case where the claimant presented overwhelming proof of disability." *Saal v. Comm'r of Soc. Sec.*, 2010 WL 2757554, *3 (W.D. Mich. 2010).

In the view of the undersigned, the errors for which this case was remanded relate primarily to a failure of the ALJ, and the plaintiff, to prepare a complete record. The undersigned agrees with the Commissioner that the ALJ is not solely to blame for that circumstance. And just as in *Saal*, this is not a case where overwhelming evidence of disability was presented. Rather, in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position. *Cummings v. Sullivan*, 950 F.2d 492, 500 (7th Cir. 1991). "[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996). The undersigned agrees with the Commissioner that his administrative and litigation positions were substantially justified, and that plaintiff's application for fees under the EAJA

should be denied. Given this conclusion, the remainder of the Commissioner's objections to plaintiff's fee request need not be considered.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
| Date: November 18, 2011 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on November 18, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Judith E. Levy, AUSA, Marc J. Littman and the Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov